THOMAS A. HUNGERFORD, AS RECEIVER, ETC., RESPONDENT, *v.* AARON CARTWRIGHT, WILLIAM H. STRAIGHT AND MALINTHA C. STRAIGHT, APPELLANTS.

*Assignment of property, in consideration of a covenant by the assignee to support the assignor — does not constitute a trust.*

This action was brought by the plaintiff, as receiver of one C., appointed in proceedings supplementary to an execution issued upon a judgment recovered against the latter. After the creation of the debt upon which the judgment was recovered, C. entered into a written agreement with one S., his son-in-law, by which he conveyed to S. all his personal property and a contract for the purchase of land, amounting, in all, in value, to about $2,100; and S. agreed, in consideration thereof to support the said C. during his life, and his minor son until he attained the age of sixteen years, and to send the latter to a common school.

In this action, brought by plaintiff to annul the transfer, sell the property and pay the debt from the avails, the court held that the transfer was, in fact, an assignment of said property in trust for the use of C., and such trust was void as against the creditors of the latter. *Held,* that this was error.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*Theo. S. Dean,* for the appellants.

*J. P. Varnum,* for the respondent.

Mullin, P. J.:

On the 6th July, 1875, M. S. Crabb and the defendant Aaron Cartwright made and delivered their promissory note for $200 to Brewerton, Gordon & Co., payable three months after date at the First National Bank of Lockport. Crabb was the principal debtor, and Cartwright his surety. A judgment was recovered on this note against the makers, by the payees, on the 18th November, 1875, and an execution thereon duly issued to the sheriff of Monroe county, who returned the same unsatisfied on the 3d December, 1875. Proceedings supplementary to the execution were thereupon commenced against the defendant Cartwright, which resulted in the appointment of plaintiff as receiver of the property of said Cartwright.

It appeared, in the course of the supplementary proceedings, that when Cartwright signed the note he was the owner of a considerable amount of personal property; and that afterwards, and on or about the 23d August, 1875, he entered into a contract, in writing, with one Wm. H. Straight, his son-in-law, under the hands and seals of both parties, whereby, in consideration of the covenant of Straight to support Cartwright during his life, and his minor son until he attained the age of sixteen years, and send him to the common school, he, Cartwright, conveyed to Straight his property, and released him from certain claims he (C.), had against him. Cartwright also transferred to said Straight a contract for the sale and conveyance of land to one Albert R. Polock. The whole value of property thus conveyed was $2,100.

The plaintiff, after his appointment as receiver, demanded of

Straight and his wife the property above mentioned, who refused to deliver the same, and then this action was commenced to annul said transfer by Cartwright, and for authority to the plaintiff to sell said property, and out of the avails to pay the judgment above mentioned and the costs of this action.

Straight and his wife were served with process, and they appeared, and, in their answers, they allege that the transaction between Straight and Cartwright was in perfect good faith, and without any intention to defraud C.'s creditors; and they set forth the reasons why they could not be held to be guilty of fraud. He also avers that, before the signing of the note by C., he (Straight) had supported said C. and his minor son, and advanced money for their benefit; and he had supported them after the note was given, and before the assignment by C. to him, all of which was done under and in pursuance of a verbal agreement entered into before the written contract was executed, and which was substantially the same as the written agreement.

Mrs. Straight avers that she had no dealings with C., but that she obtained the land contract from her husband. The defendants also insist, in their answers, that Aaron Cartwright, Jr., should be made a party defendant.

The cause came on for trial at a Special Term in Rochester, and the parties conceding the facts to be substantially as stated above, the court overruled defendants' objections to the maintenance of the action because of the non-joinder of the younger Cartwright.

The counsel for Mrs. Straight moved that the cause be dismissed as to her, on the ground that she was improperly made a defendant. The motion was denied, and defendants' counsel excepted.

The defendants moved for a nonsuit on the grounds:

First. That the facts proved did not constitute a cause of action.

Second. That no trust was expressed or declared by said contract, and plaintiff could not recover under his complaint.

The motion was denied, and defendants' counsel excepted.

The defendants then offered to prove that the contract set forth in the complaint, and the several assignments of property and choses in action were given, and entered into for other considerations than are set out in the contract, and specifically as they were set out in the answer of the defendant Straight, which considerations entered into

and formed a part of the consideration for the contract and assignment. The plaintiff's counsel objected to the evidence. The court sustained the objection and excluded the evidence, and defendants' counsel excepted. The court thereupon held and decided that the contract for support and the transfer of the property must be construed together, and thus construed they constitute an assignment of said property in trust for the use of said C., and that such assignment is void as against the creditors of C., and as against the plaintiff in this action, and he further held that plaintiff was entitled to judgment against the defendants as demanded in the complaint. To the conclusions of law the defendants' counsel excepted.

I regret that the learned judge who tried this cause did not give his reasons for the conclusions of law at which he arrived, as it would enable us the better to comprehend his views, as well in regard to the facts as the law. The respondent's counsel in his points repeats this position taken by the judge, but refers to no authority in support of them.

The contract between Straight and Cartwright is merely an agreement by the former to support the latter and his son, in consideration of the conveyance of the property mentioned in it. The word "trust" is not mentioned in it, nor any language from which the intention to create a trust can be inferred. If this contract between the parties creates a trust, then one is created in every deed of land and every transfer of personal property that is made. I have searched with some care, but am wholly unable to find any authority for holding the contract between the parties to be a trust. And I am persuaded that no case can be found which would authorize this or any other court to appropriate the property conveyed to Straight to the support of C. and his son, or restrain its appropriation to any other use.

The respondent's counsel seems to insist that the transfer to Straight and his wife should be held to create a trust for the benefit of C., because if not so held the judgment creditors could not reach the property in payment of their debt. The creditors would not object to having such an instrument declared to be a trust, provided the property was applied in payment of their debts, but I do not think the argument would be appreciated by any one else.

The return of the execution *nulla bona* was *prima facie* evidence

of insolvency and gave a court of equity jurisdiction to entertain an action to set aside any and all fraudulent transfers by a judgment debtor of his property, and to apply the property fraudulently transferred to the payment of his judgment creditors. Evidence to show that the judgment debtor had property not transferred, sufficient to satisfy the judgment against him, is not competent on the trial of the creditor's suit. If the fact was so the remedy of the debtor was by motion to set aside the return and thus compel the creditors to get a truthful return.

As this case has not been tried on the ground that the conveyance was fraudulent as against the judgment creditor, I will leave the discussion of that question until the case is again tried and the parties are heard in reference to it if they shall so desire. The judgment is reversed and a new trial granted, costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment reversed and new trial ordered, costs to abide event.